This is a child custody modification proceeding. The parties were divorced on June 16, 1982. The court's decree awarded custody of the parties' minor child, Ryan, to the father. Shortly after the divorce the mother married Dr. Mangiere, whom she had known during her previous marriage. On July 3, 1983 the mother had a child, Sean, by her second husband. On July 10, 1983 the mother brought a petition to modify the trial court's prior decree, seeking custody of Ryan. After hearing the evidence ore tenus, the trial court denied the mother's petition, retaining custody of Ryan in the father. The mother filed a motion to alter or amend the decree or, in the alternative, motion for new trial. This motion was denied by the trial court, whereupon the mother appealed to this court.
Our law is well settled that where evidence is heard ore tenus by a trial court the court's findings will not be disturbed unless plainly and palpably wrong. Patterson v.Patterson, 399 So.2d 846 (Ala.Civ.App. 1980). There is also a rule of repose applicable to a petition to modify a prior custody decree. Alford v. Alford, 368 So.2d 295 (Ala.Civ.App. 1979). To overcome these presumptions the mother must have presented evidence that a change in custody would "materially promote" the child's best interests. Ex parte McClendon,455 So.2d 863 (Ala. 1984). We conclude that the mother failed to rebut these presumptions, and affirm the trial court.
The facts contained in the record are voluminous, and we will not delineate all of them here.
In the main, the mother based her petition for modification on several factors, including her remarriage, subsequent improved lifestyle, and the fact that she and her current husband own their home. She further based her petition on the father's alleged sexual misconduct and his failure to properly clothe and clean Ryan. She contends that the above evidence was sufficient to justify a change in custody.
The husband admitted at trial that he had engaged in sexual relations with women since his divorce and that some of this activity occurred at his home. Our courts have long held that, while evidence of indiscreet conduct is a factor to consider in a custody modification action, custody will not be modified where the party seeking modification fails to establish a substantial detrimental effect on the welfare of the child as a result of the indiscreet conduct. Roberson v. Roberson,370 So.2d 1008 (Ala.Civ.App. 1979). There was no proof that any of these activities ever occurred in Ryan's presence. Ryan slept in his own room.
Our opinion in McKim v. McKim, 440 So.2d 562 (Ala.Civ.App. 1983), stands for the proposition that sexual misconduct need not occur in the physical presence of children for it to be material to their welfare. In any event, our case law requires that there be evidence presented showing that such conduct is detrimental to the children. See, e.g., Gould v. Gould,55 Ala. App. 379, 316 So.2d 210 (Ala.Civ.App. 1975). The mother failed to show that the father's activities were in any way detrimental to Ryan. Thus, we conclude that the father's sexual conduct was insufficient to warrant a custody change.
Evidence presented at trial concerning whether the father properly cared for the child was conflicting. The mother and her current husband testified that the father was a poor father and that Ryan was unkempt when with the father. On the other hand, witnesses testified that he was an excellent father and the father kept Ryan well clothed and clean. Ryan and his father spent time together playing and visiting family. Ryan was never left unsupervised, but was left with a babysitter three days a week while the father worked. Ryan was usually taken back home from the babysitter's around 3:30 p.m. by his father. The trial court resolved these conflicts in testimony in favor of the father, *Page 100 
and we cannot substitute our judgment for that of the trial court unless its conclusion was palpably erroneous. Harden v.Harden, 418 So.2d 159 (Ala.Civ.App. 1982). We do not consider the trial court's conclusion on this matter to be clearly erroneous, since considerable evidence was presented showing that the father properly cared for Ryan.
There was also conflicting testimony concerning the mother's visitation rights. The mother claimed that the father interfered with her visitation with Ryan. The father denied this. Specifically, the mother claims that the father cursed her and intimidated her, but it is undisputed that the mother was never denied her right to visit Ryan pursuant to the court decree. As we have stated earlier, disputes over visitation should be resolved by the child's parents and not by changing custody of the child from one parent to another. Pons v.Phillips, 406 So.2d 932 (Ala.Civ.App. 1981). Particularly where the evidence of an alleged interference with visitation rights is uncertain and conflicting, we are convinced that a change of custody is unwarranted.
The mother further alleges that custody of Ryan should have been awarded to her because she has married a fine man and consequently her life is more stable and her financial condition has improved since the last decree. Our courts have stated that these factors may be considered in a change of custody action, but they are not controlling and do not alone warrant a modification of a custody judgment. See Abel v.Hadder, 404 So.2d 64 (Ala.Civ.App. 1981).
The mother has merely shown that her home life and financial status have improved, but has not shown that a custody change would "materially promote" Ryan's best interests. See Ex parteMcClendon, supra. There is no evidence that the father is not a capable and loving parent; in fact, the evidence indicates otherwise. The father has sufficient income to provide for Ryan's needs and has raised Ryan in a good environment.
Thus, we conclude that the evidence presented at trial did not justify a change of custody from the father to the mother. The trial court's judgment retaining custody of the child in the father is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.