This is a child custody modification case.
The mother, Sabrina Wester Gove, petitioned the trial court to modify the parties' 1983 divorce decree, which awarded custody of the parties' seven-year-old child, Jessica, to the father, Daniel Brett Wester. The father counterclaimed, seeking child support.
Following an ore tenus hearing, the trial court granted the mother's petition and transferred custody of Jessica to the mother. The father appeals. We reverse and remand.
When the trial court is presented evidence ore tenus, its determination is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong or unless an abuse of the trial court's discretion is shown. Nicholas v. Nicholas,464 So.2d 527 (Ala.Civ.App. 1985).
In child custody modification cases, the non-custodial parent has the burden of showing that a change in custody will materially promote the child's best interests and welfare.Ex parte McLendon, 455 So.2d 863 (Ala. 1984). Additionally, the mother in this case was required to show that the "positive good brought about by the modification [would] more than offset the inherently disruptive effect caused by uprooting the child." Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App. 1976). Our review of the record reveals that the mother did not present evidence sufficient to meet her burden in this case.
The record reveals, in pertinent part, that the mother has remarried. Her husband is part owner and vice president of a business, and they have purchased a mobile home. She helps him in the business, but draws no paycheck. Under theMcLendon standard, the mother must show more than she has remarried and has improved her lifestyle and financial position. See McLendon, 455 So.2d at 866.
The mother contends that the father's use of drugs and his refusal to abide by the visitation schedule contained in the divorce decree justify a change in custody. The father admitted that he has used marijuana, but stated that he has just about given it up. He stressed that he has never used it around Jessica, and there were several witnesses who testified that they have never seen the father use marijuana in Jessica's presence. There was no showing that the father's occasional use of marijuana, although illegal, was detrimental to Jessica. Therefore, there was no sufficient evidence on this point of conduct to warrant a custody change. See Smith v. Smith,464 So.2d 97 (Ala.Civ.App. 1984). *Page 1108 
We would caution the father that continued illegal activities might well in the future result in a different outcome.
The mother also contends that she was not allowed to see Jessica several times when she was supposed to see her. The father testified that he has never refused to allow Jessica to visit her mother. Disputes as to visitation should be worked out by the parents and should not be resolved by a change in custody, particularly where evidence of the alleged interference with visitation rights is conflicting.Smith, 464 So.2d 97.
Additionally, the mother testified that Jessica wants to live with her. The trial judge questioned Jessica in camera. She indicated that she would like to stay with her mother "some more" than she had been. However, there was nothing to indicate that Jessica desired a change in custody.
The evidence reveals that Jessica was on the A-B honor roll at school. She has been taking dancing lessons for three years and appears to be a happy, well-adjusted child. She and her father reside with his parents, and Jessica has her own room. Her paternal grandmother testified that Jessica and her father have resided with them since Jessica was thirteen to fifteen months old (except for the time of the parents' brief remarriage).
The mother presented no evidence which would justify uprooting Jessica. Therefore, we have no choice under theMcLendon standard but to reverse.
This case is reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.