This is a child custody modification case.
The parties were divorced in February 1985 with the parties being awarded joint care, custody, and control of their six-year-old daughter. Primary care was granted to the mother. The father filed his original motion to modify child custody in October 1985, and the motion was held without service in the clerk's office at the father's request. On May 27, 1986 the father amended his petition, and service of the original petition and of the amended petition was had upon the mother on May 29, 1986. Therein, the father sought the modification of the divorce judgment by an award to him of the exclusive custody of the child on the alleged ground that the mother cohabited with one Carswell while the minor child was in the home. A lengthy ore tenus trial was conducted before the trial court and a judgment was entered in November 1986 which dismissed the father's motion for modification. His timely appeal was only recently submitted to us for our decision. He raises two issues.
 I.
The father argues through his able counsel that the trial court erred in allowing some of the same testimony to be presented in the child custody modification hearing that had been used in obtaining the original judgment. The suspect evidence was presented by the mother in at least four instances throughout the present proceedings without any appropriate objection being made on behalf of the father. No adverse ruling concerning the admissibility of that evidence appears in the record. If illegal evidence is presented without objection, it is properly admitted and the trier of facts may consider it.Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App. 1986). Evidentiary issues will not be considered upon appeal in the absence of an objection or in the absence of an adverse ruling by the trial court. Eady v. Dixie Dozer Equipment Co.,484 So.2d 1106 (Ala.Civ.App. 1986). Accordingly, we find no error as to this issue.
 II.
The noncustodial parent has the burden of reasonably satisfying the trial court in child custody modification cases that a change in custody will materially promote the child's best interests and that the " 'positive good brought about by the modification [would] more than offset the inherently disruptive effect caused by uprooting the child.' Wood v. Wood,333 So.2d 826, 828 (Ala.Civ.App. 1976)." Wester v. Wester,500 So.2d 1106 (Ala.Civ.App. 1986) (brackets theirs). A trial court's judgment which is rendered after an ore tenus trial is presumed to be correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be palpably wrong or unless the trial court abused its discretion. Wester, 500 So.2d at 1107.
We have carefully studied the entire record and find therefrom that the trial court would have been fully justified by the mother's testimony in deciding that the sexual indiscretions of the mother did not have a substantial detrimental effect upon the welfare of the child. Custody will not be modified because of evidence of indiscreet conduct, sexual or otherwise, by a custodial parent unless that conduct had a substantial detrimental effect upon the *Page 29 
welfare of the child. Wester, 500 So.2d at 1107; Smith v.Smith, 464 So.2d 97 (Ala.Civ.App. 1984).
Additionally, there was evidence of improvements which had been made in the child's development while she has been in the mother's primary care since the divorce. Briefly, it consisted of testimony that the child was an all-A student in the second grade, that she had perfect attendance at school that year, that the daughter has developed emotionally in a positive manner, and that she is considerably more mature. She possesses above average intelligence for an eight-year-old third grader. The minor daughter is happy with her mother. The father's discipline of the child is lax, while the mother reasonably disciplines her. In short, tendencies of the evidence were to the effect that a change in custody would neither materially promote the child's best interests nor would any positive good which might be occasioned by granting exclusive custody to the father offset the disruptive effect of uprooting the child. While there was conflicting evidence as to some factual issues, there was evidence before the trial court which supported its decision. The trial court did not abuse its discretion in refusing to modify the child custody provisions of the divorce judgment, and we find no fault with that holding.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.