This case involves the modification of child custody.
The parties were divorced in September 1983. The divorce decree ratified and incorporated into the final decree an agreement of the parties. This agreement provided, in pertinent part, that the mother was to have full care, custody, and control of the parties' minor child, Anthony Michael Carden, who was two years old at the time of the divorce. The father was granted liberal and reasonable visitation rights. The father agreed to pay $30.00 per week as child support.
In April 1986, the father filed a petition for modification and asked that the court grant to him specific and reasonable visitation rights with the parties' minor child. The father further requested that the court restrain and enjoin the mother from interfering with the father's exercise of his visitation rights with their minor child.
Thereafter, the father amended his petition for modification to request that the trial court remove primary custody of the minor child from the mother and vest primary custody in the father. The father averred that the mother was not mentally stable and capable of having continued custody of said minor child. He further alleged that the mother lacked the maturity and insight necessary to provide for the welfare and best interest of said child. The father contended that it would materially promote the child's best interest for him to be placed in the primary custody of the father, subject to reasonable visitation by the mother.
The mother filed a cross-petition for modification which requested an increase in child support.
After a hearing, the trial court found that there had been a material and significant change in conditions and circumstances since the divorce which related to the welfare of the couple's minor child. It was the opinion of the trial court that it was in the best interest of the child to remove primary custody from the mother and vest it in the father. The mother was granted liberal visitation rights.
The wife's motion for a new trial and her motion to stay execution pending an appeal were both denied.
The wife appeals.
In a child custody modification case when a noncustodial parent seeks to modify a decree which granted custody to the other parent, the noncustodial parent bears the burden of proving that a change in custody materially promotes the welfare and best interest of the child. Ex parte McLendon,455 So.2d 863 (Ala. 1984). The noncustodial parent can show that material changes which affect the child's welfare *Page 1260 
have come about since the most recent decree and that the positive good brought about by the change in custody materially promotes the child's best interest since it more than offsets the inherently disruptive effect brought about by uprooting a child from his present environment. Ex parte McLendon,455 So.2d 863.
When a trial court renders a decision after hearing the testimony and reviewing the evidence, it is presumed correct. We have previously held that such a decision can be reversed on appeal only for an abuse of discretion or if it is so unsupported by the evidence as to be plainly and palpably wrong. In the Matter of Young, 456 So.2d 823 (Ala.Civ.App. 1984).
The trial court, in its order, stated "in this case the Court is of the opinion the mother is not the suitable and fit parent to have primary custody." From our review of the record, we find no evidence to support the trial court's conclusions.
The father contends that the mother is mentally unstable and unsuitable to have primary custody of Anthony. Cited as examples of the mother's unsuitability were the fact that in 1983 or 1984, the mother was investigated by the Department of Human Resources after her next-door neighbor contacted them — the investigation was dropped and no charges were filed — and that right after the mother and father were divorced, the mother, on one occasion, wrote to and visited with a friend who was serving time in prison on a murder conviction.
Witnesses for the father testified that while Anthony seemed very quiet, withdrawn, and temperamental when he first began regular visitation with his father in the fall of 1986, he now seems to be very happy with his father and appears to enjoy the time he spends with him. We note that neither of these witnesses knows the mother personally nor have they ever observed Anthony with his mother. The testimony from these witnesses does not reflect any material change in circumstances which adversely affected Anthony.
The trial court noted in its order that the mother and her present husband, Mr. Foster, had filed for bankruptcy. Our review of the evidence did not reveal any indication that this had adversely affected Anthony.
We note that much of the father's testimony at the hearing outlined the times that he had attempted to visit with Anthony but was thwarted by the mother. The trial court, in its order, noted that the mother had taken measures to see that the father had very little contact with Anthony, but that since the temporary order in September 1986, which allowed the father an opportunity to spend time with Anthony, his (Anthony's) temperament and behavior had significantly improved.
We have previously held that a change of primary custody from one parent to the other is not the solution when there are disputes over visitation. Such disputes should be resolved by the parents, not by a change in primary custody. Smith v.Smith, 464 So.2d 97 (Ala.Civ.App. 1984).
In this case, we find that the father has not met his burden under Ex parte McLendon, 455 So.2d 863. The evidence indicated that the mother had remarried and that she and Mr. Foster, her present husband, are buying the four-plex wherein they reside. Mr. Foster has been employed as a machine operator at the same plant for nine years and he brings home $424 per week. The mother has no outside employment so she can be a full-time mother to Anthony.
Anthony's kindergarten teacher testified that the mother brought Anthony to school promptly in the mornings and that he was clean and properly dressed. She also testified that the mother showed an interest in Anthony's progress and would talk with her about Anthony at least twice a week.
Based upon our review of the record, we find the trial court's order to be so unsupported by the evidence as to be plainly and palpably wrong. Therefore, we reverse the order of the trial court and remand to the trial court to issue an order consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES *Page 1261 
WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.