L. CHARLES WRIGHT, Retired Appellate Judge.
This case involves a petition for modification of child custody.
The parties were divorced in 1986. The divorce decree incorporated provisions of an agreement of the parties. The agreement provided, in pertinent part, that the mother was to have full custody of the parties’ child. The father was granted liberal visitation rights.
In 1988 the father filed a petition for modification requesting that the trial court grant him custody of the child. He averred that the mother was unfit, was cohabiting with a man, habitually used drugs, and that her home conditions were detrimental to the best interests of the child.
After an ore tenus proceeding the trial court denied the father’s petition.
The father thereupon filed a petition seeking to hold the mother in contempt for failure to abide by two separate provisions of the divorce decree, to-wit: (1) “having no overnight guest of the opposite sex ... [when] the minor child is present,” and (2) “the Husband shall be entitled to claim the minor child as a deduction for [income] tax purposes.”
The court held another hearing and declined to find the mother in contempt for violating the “prohibition on cohabitation” provision, but found the mother in contempt for failing to execute documents necessary to enable the father to claim an income tax exemption for the child.
*615 The father has appealed from both decisions of the trial court and his two appeals have been consolidated herein.
Since 1984 all child custody modification petitions have been subject to the provisions set out by our supreme court in the case of Ex parte McLendon, 455 So.2d 863 (Ala.1984). Those provisions material to this case have been previously iterated by this court as follows:
“In a child custody modification case when a noncustodial parent seeks to modify a decree which granted custody to the other parent, the noncustodial parent bears the burden of proving that a change in custody materially promotes the welfare and best interest of the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984). The noncustodial parent can show that material changes which affect the child’s welfare have come about since the most recent decree and that the positive good brought about by the change in custody materially promotes the child’s best interest since it more than offsets the inherently disruptive effect brought about by uprooting a child from his present environment. Ex parte McLendon, 455 So.2d 863.
“When a trial court renders a decision after hearing the testimony and reviewing the evidence, it is presumed correct. We have previously held that such a decision can be reversed on appeal only for an abuse of discretion or if it is so unsupported by the evidence as to be plainly and palpably wrong. In the Matter of Young, 456 So.2d 823 (Ala.Civ.App.1984).”
Foster v. Carden, 515 So.2d 1258, 1259-60 (Ala.Civ.App.1987).
The father first asserts that the evidence was sufficient to meet the McLen-don burden and that the refusal to modify custody was error. He asserts that the evidence establishes the following factors, which he says show a material change in circumstances since the divorce decree: the mother’s cohabitation with another man, the stated preference of the child to live with the father, the home environment of the father was “better” than that provided by the mother, and alleged marijuana use by the mother.
The record reveals that the father became suspicious about the mother having another’man living with her, and that a private detective was hired to investigate the matter. Though the detective observed a truck, belonging to a man whom the mother was dating, parked outside the mother’s trailer overnight, he did not establish that the man was inside. The mother denies ever “cohabiting” but admitted to allowing overnight guests — as did the father prior to his remarriage.
As respects indiscreet sexual misconduct, our case law requires a showing that such conduct is detrimental to the children. See, Smith v. Smith, 464 So.2d 97 (Ala.Civ.App.1984). The father failed to present evidence showing any detrimental effect.
There was no direct evidence of the use of drugs by the mother, only innuendo from a statement of the child.
The testimony of the father and his present wife concerning their home environment can be summarized as follows. The home has been completely refurbished, the child has a bedroom there, and the home is situated in a “better” school district.
The trial court resolved these matters in favor of the mother, and we are precluded from substituting our judgment for that of the trial court unless palpable error appears. Smith, 464 So.2d 97.
We have carefully reviewed the entire record and find that the father has failed to meet the heavy burden placed upon him to obtain a change in custody.
The father also asserts that the construction placed upon one of the provisions of the divorce decree by the trial court is unreasonable and does not express the intent of the parties.
A divorce decree is to be construed like other written instruments and, if uncertainty or ambiguity exists, the court must construe the decree so as to express the intent of the parties. Hawkins v. Hawkins, 470 So.2d 1283 (Ala.Civ.App.1985).
*616 The pertinent disputed portions of the divorce decree provided the following:
“When the minor child reaches the age of ten (10) years of age and expresses a desire, without coercion, to live with the Husband, the Husband shall be entitled to have the physical possession of the minor child until such time as the minor child expresses a desire, without coercion, to return to living with the Wife_ The Husband’s physical possession of the child during this period is conditioned on the following:
[[Image here]]
“b. That he live in a suitable environment for the raising of the minor child, including, but not limited to, having no overnight guest of the opposite sex in his home or any dwelling in which the minor child is present.
[[Image here]]
“The limitation regarding ‘no overnight guest of the opposite sex’ as set forth above, shall be mutually applicable and binding on both parties.”
The trial court made the following determination with respect to this provisions:
“2. That by agreement of Counsel, the prior Decree of this Court, entered herein on July 28, 1986, is due to be and the same is hereby CLARIFIED to provide in the future that neither party shall have any overnight guests of the opposite sex, not related to him or her by blood or marriage, in his or her home or any other dwelling in which the minor child is also present. That any future violation of the aforesaid clarification shall subject the violator thereof to the contempt powers of this Court.”
A plain reading of the trial court’s order clarifying this provision of the divorce decree states that the prohibition applies “in the future.” We find that the “prohibition” is operative from the date of the rendition of the trial court’s order of clarification — March 29, 1989.
The decision of the trial court is affirmed.
We grant the request of appellee for attorney’s fee on appeal in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.