INGRAM, Presiding Judge.
The parties were divorced in August 1987. Incorporated into the divorce decree was an agreement giving the parties joint custody of the two minor children, ages five and four. The agreement further provided that the children were to reside with the mother, with the father to have reasonable rights of visitation. The father was also required to pay to the mother $125 per week for the support of the minor children.
On November 30, 1987, the mother filed a motion to modify the judgment of divorce, requesting, among other things, “full custody” of the children. The mother contended that she wanted to terminate the joint custody arrangement in order to make “exclusive decisions” in connection with the children. In July 1988, the father requested that he be awarded custody of the children. On April 7, 1989, almost seventeen months later and after numerous motions, the trial court ordered that custody of the minor children be awarded to the father, with reasonable visitation by the mother.
The mother now appeals to this court, contending that the trial court committed reversible error by transferring custody of the children to the father.
At the outset, we note that, although the divorce decree awarded the parties joint custody, it nevertheless placed the physical custody of the children with the mother. Therefore, we are governed in this instance by the standard announced in Ex parte McLendon, 455 So.2d 863 (Ala.1984). See *970 Beam v. Beam, 543 So.2d 700 (Ala.Civ.App.1989).
A noncustodial parent seeking custody modification under McLendon must prove at the outset that a material change in circumstances has occurred since the last decree. Beam, supra. He must then prove not only that he would be a fit parent, but also that a change in custody would promote the child’s best interest. The benefits of the proposed change must clearly outweigh the disruptive effect caused by such a transfer. Beam, supra.
Here, the record reveals extreme difficulty between the parties concerning, among other things, the father’s rights of visitation. Both parties have resorted to court orders at various times in an effort to compel the other party to abide by the divorce decree. We pretermit a detailed summary of everything that has transpired between the parents. Suffice it to say, however, that the record reveals a great deal of animosity between the parties, especially concerning visitation.
This court has made it clear that disputes over visitation are not alone sufficient to necessitate a change in custody. Sain v. Sain, 426 So.2d 853 (Ala.Civ.App.1983). Moreover, disputes over visitation should be resolved by the child’s parents and not by changing custody of the child from one parent to another. Smith v. Smith, 464 So.2d 97 (Ala.Civ.App.1985). Rather, the appropriate remedy in such a situation is to punish the custodial parent for contempt, not to uproot the children. Calabrisi v. Boone, 470 So.2d 1255 (Ala.Civ.App.1985).
The father contends, however, that the change of custody here is not based solely upon visitation problems. He contends that a change of custody is in the children’s best interest, because, he says, they are exposed to a bad environment while at their maternal grandparents’ home. The father argues that the grandparents have reared one son who has a history of juvenile problems and who is presently on probation for a felony offense. He also alleges that another of the grandparents’ sons molested the minor children.
After a review of the record, we are not convinced that the father has met his heavy burden under the standard in McLendon. A court investigator was assigned to the present case to do a custody investigation. As concerns the grandparents’ home environment, the first son’s probation officer stated to the investigator that the grandparents’ home was adequate and clean and was adequate for day care for the minor children here. He stated that he did not think that that son could be a bad influence on the children because of their young age. He further told the investigator that that son was working full time and would soon be out of the grandparents’ home.
As concerns the allegations of abuse to the children by the second son, a social worker stated to the investigator that “the case was contaminated.” The social worker stated that too many people had talked to the children and “pumped” them with information. The social worker could not determine when the alleged abuse had taken place in that dates and events were sketchy. The social worker stated that she would present the case as “unfounded.” Furthermore, we note that the alleged abuse by that son was alleged to have occurred prior to the parties’ divorce, yet the father never filed any police report nor was there an investigation by any state agency at that time. At the time of the divorce, the father agreed to the mother’s having physical custody of the children and placed no restrictions upon the children’s staying at the grandparents’ home.
The father here has shown that he has had problems concerning his rights to visit with his children. Further, he has remarried and has shown that he can offer the children a “family-like atmosphere.” Nevertheless, we find that he has not shown that a material change in circumstances has occurred and that a change of custody would materially promote the children’s best interest. McLendon, supra.
In view of the above, we find that the trial court erred in changing custody from the mother to the father and in terminating the father’s child support obligation. Ex parte Morgan, 440 So.2d 1069 (Ala.1983).
*971 We also point out that both parties might well devote their energies to ensuring that the two children maintain a positive relationship with both parents. For the parties to do otherwise reflects on their parenting skills.
This case is due to be reversed and remanded with instructions to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ„ concur.