L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in April 1991. The mother, by agreement, was awarded custody of the minor son. In September 1992 the father filed a petition to modify custody. Following oral proceedings, the trial court changed custody to the father.
The mother appeals and contends that the trial court erred in transferring custody to the father.
In child custody modification cases, the noncustodial parent has the burden of showing that a material change in circumstances has occurred since the last custody determination and that a change in custody will materially promote the child’s best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). The petitioning parent must show that the positive good brought about by the change in custody would more than offset the inherently disruptive effect caused by uprooting the child. Foster v. Carden, 515 So.2d 1258 (Ala.Civ.App.1987).
When a trial court hears evidence presented ore tenus, makes findings of fact, and' enters its judgment based upon such facts, we review that judgment with a presumption of correctness. We will not reverse except for an abuse of discretion or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Matter of Young, 456 So.2d 823 (Ala.Civ.App.1984).
The father testified that during their marriage the parties used drugs and alcohol. At the time the original judgment was entered, the father had recently completed a drug and alcohol rehabilitation program and was in a halfway house. He remained in a halfway house until September 1991. Since that time he has held approximately four jobs and has lived in three different places. At the time of the hearing, he was employed as a crisis consultant counselor at a drug and alcohol rehabilitation hospital. He testified that he was attending Faulkner University and working toward a degree in Management and Human Resources.
The father stated that he and his son were close and that he was ready, willing, and able to assume custody and to provide his son with a good, stable environment. He testified that it would be better for his son to live with him because the mother used drugs and alcohol and was married to a man convicted of drug offenses. When questioned about the mother’s drug and alcohol use, the father testified that his assertions were based on mere speculation.
The mother testified that she started living with her present husband in November 1991 and that they were married in January 1993. She testified that he had been convicted twice for drug-related offenses. He has not used drugs or alcohol since August 1990. At the time of the hearing, he was on parole and subject to random urinalysis and searches of their home. The mother testified that she has never used drugs or alcohol with her husband and that they did not keep any in their home. The husband has joint custody of two children from a previous marriage. The mother and her husband have a child of their own. At times, there are four children living in their two-bedroom trailer. The mother testified that they have plans either to add on to the present trailer or to purchase a larger one in the near future. The mother does not work. She stays home to care for the children. There was evidence presented by other witnesses that the mother was a good mother and a good housekeeper.
The father presented evidence that the son had been involved in three accidents since the divorce. The accidents, as detailed by the mother and her present mother-in-law, are accidents that could happen to any toddler. They are by no means indicative of parental neglect.
The only evidence of a change in circumstances since the father agreed that custody should be with the mother is that he has undergone drug treatment and rehabilitation and now desires custody. The mother has had continual care and custody of the 2½-year-old child since his birth, with little aid and support from the father. We have carefully read the transcript of evidence. We *76 find no substantial evidence of a material change of circumstances since the last custodial determination or that a change of custody would promote the best interests and welfare of the child.
We note that the change of custody is not to occur until January 1994. The judgment provides for specific, regular visitation by the father pending the date of change. We assume that the provisions for regular visitation are intended to allow opportunity for the son to become better acquainted with his father so that the disruptive effect of the change "will be lessened. It is our conclusion that such preparation is insufficient to provide the positive good required by McLen-don.
The evidence does not support the judgment. The judgment of the trial court is, therefore, reversed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.