I must respectfully dissent. The standard for modifying custody underEx parte McLendon, 455 So.2d 863, 865 (Ala. 1984), is a stringent one. "It is not enough for the parent seeking the change to prove that he or she is a fit custodian." Kunkel v. Kunkel, 547 So.2d 555, 560
(Ala.Civ.App. 1989); see also Galloway v. Harris, 646 So.2d 100, 102
(Ala.Civ.App. 1994). Nor is the mere possibility that the custodial parent may relocate sufficient to meet the McLendon standard. See Kunkel, 547 So.2d at 561 ("The mere fact that a custodial parent has changed his or her residence is not sufficient in and of itself to justify a change in custody."). Disputes over visitation are also insufficient underMcLendon to change custody; the trial court has other options available to resolve visitation disputes. Foster v. Carden, 515 So.2d 1258, 1260
(Ala.Civ.App. 1987). From all that appears in this case, the trial *Page 565 
court found the mother and her new husband to be unsuitable as custodial parents because the mother had frustrated some visitation attempts, because the mother was not "fostering" the relationship between the father and the child, because the mother and her new husband had indicated a desire to relocate to Germany at some time in the future, and because the mother's new husband drank alcohol and smoked in the home in the presence of the child. In my opinion, the father failed to prove that "a material change [in circumstances that] affect[ed] the child's welfare [had] occurred," Kunkel, 547 So.2d at 560, and, thus, failed to prove "`an obvious and overwhelming necessity for [a] change of custody.'"Galloway, 646 So.2d at 103 (quoting Whitfield v. Whitfield, 570 So.2d 700,702 (Ala.Civ.App. 1990)). I would reverse the trial court's judgment changing custody from the mother to the father; accordingly, I respectfully dissent.