Rel: February 10, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

————————————————

## CL-2022-1253

————————————————

## Ex parte Aris Hale

## PETITION FOR WRIT OF MANDAMUS

## (In re: Aris R. Hale

## v.

## Benitra C. Colvin)

## (Montgomery Circuit Court, DR-21-900404)

FRIDY, Judge.

Aris Hale ("the father") filed a petition for a writ of mandamus asking this court to direct the Montgomery Circuit Court ("the trial court") to vacate its, pendente lite order entered on December 12, 2022,

awarding "primary physical custody" of A.S.H. ("the child") to Benitra C. Colvin ("the mother"). For the reasons discussed herein, we grant the petition.

<u>Background</u>

The materials submitted in support of and in opposition to the father's petition indicate that in 2017 the Circuit Court of Johnson County, Missouri ("the Missouri court"), entered a judgment divorcing the parties and, by agreement of the parties, awarded the mother and the father joint legal custody of the child and the father sole physical custody of the child. That custody award modified a previous order that a German court had entered regarding the child's custody. The father is in the United States Air Force, and in 2019, he advised the mother of his intent to move overseas with the child. The mother challenged the relocation of the child and sought a custody modification in the Missouri Court alleging, among other things, that the father had interfered with her parenting time. On October 30, 2019, the Missouri court found that the father's request to relocate was made in good faith but that such a move would not be in the child's best interest. The Missouri court awarded the mother and the father joint legal and joint physical custody of the child.

However, because the father and the child then lived in Missouri and the mother lived in Georgia, the Missouri court found that it was in the child's best interest to continue to reside with the father subject to a schedule of custodial periods set forth in the judgment.

At some point, which is not made clear in the materials before us, the father and the child moved to Alabama. In June 2021, the father filed a petition to register in the trial court the previous judgments of the Missouri court. On July 12, 2021, the mother responded to the petition saying that she consented to the registration of the Missouri court's judgments; however, she filed a counterclaim seeking to hold the father in contempt, alleging that he had failed to permit her to exercise her court-ordered custodial rights and that it would be in the child's best interests for her to have sole physical custody. That same day, the mother filed a motion requesting an order directing the father to "immediately relinquish" the child to the mother for her court-ordered summer custodial period and asked for an expedited hearing.

The trial court held a hearing on July 16, 2021, and registered the Missouri judgments. On July 23, 2021, the trial court entered an order stating that the child had left the courtroom with the mother after the

July 16 hearing. In the order, the trial court awarded the mother visitation from July 16 until July 23, 2021, and again from July 25 to August 4, 2021. The order directed the mother to allow the child to communicate with the father if the child wished to speak to him.

On July 22, 2021, the father filed in the trial court a custody-modification petition seeking sole physical custody of the child. Additionally, he sought to have the mother held in contempt for allegedly violating several provisions of the Missouri court's judgments regarding her responsibilities during the child's visits with her, such as permitting the child to communicate with him and keeping him informed of her travels with the child during the child's visits. He also sought to have the mother held in contempt because, he said, she had failed to pay him court-ordered child support and to reimburse him for certain expenses that he had incurred on behalf of the child.

On November 28, 2021, the mother filed in the trial court a new motion seeking to hold the father in contempt in which she sought temporary physical custody of the child, alleging that the father had refused to allow her to exercise her custodial rights over Thanksgiving. The father responded on December 20, 2021, saying that, despite his

efforts, which he said had included having the child in counseling and attempting to engage the mother in repairing what he said was the estranged relationship between the mother and the child, the child did not want to visit with the mother. Indeed, he requested that the trial court suspend the mother's visitations until she worked with a counselor to mend her relationship with the child.

On May 9, 2022, the trial court held an evidentiary hearing on the issue of the father's alleged contempt for what the mother called the "obstruction" of her visitation time with the child, who was then eleven years old. At the hearing, the trial court pointed out that the visitation issues raised in previous pleadings were moot because of the passage of time.

The mother testified that she did not get to have the court-ordered visitations for Thanksgiving and Christmas in 2021, adding that in discussions with the father about those visitations, the father had told her the child did not want to visit. For the Thanksgiving visitation, the mother said, she traveled from her home in Stone Mountain, Georgia, to LaGrange, Georgia, where the custody exchange was to take place, and waited for the father to bring the child, but, she said, they never

appeared. The mother said that she did not make the trip to LaGrange for the scheduled custody exchange for her Christmas visitation after the father told her that the child was not coming. The mother said that the father's failure to comply with the Missouri court's visitation directives had been an ongoing problem for several years.

The father testified that he knew that the court had ordered specific visitation times for the mother, including the Thanksgiving and Christmas visits that were missed, and that he had not forced the child to make those visits. The child's counselor testified that it would not be good for the child to be forced to take part in those visits.

The mother said that she had not had telephone or videoconferencing contact with the child since July 2021. She said that when she had attempted to reach the child through videoconferencing, the father and the child were not online. The mother conceded that she had not attempted to talk with the child since December 5, 2021, and that she had not seen the child since the child's visit in summer 2021. She also said that she had not tried to talk to anyone at the child's school about how the child was doing, and she acknowledged that the father had not prevented her from making such and inquiry.

The mother acknowledged that there had been several recommendations made that she and the child attend "reintegration counseling." She first said that she had attended all the counseling sessions held in Missouri, but when she was confronted on cross-examination with specific sessions that she had not attended, the mother said she could not recall if she had been to each session. She also said that she was against "reintegration counseling."

Despite having held the hearing on May 9, 2022, the trial court did not enter an order on the mother's contempt motion until December 12, 2022, three days after the mother filed what appears to be an unsolicited proposed order in the trial court. In its ensuing "temporary order," the trial court found the father in contempt and said that it believed that "some changes are necessary in an attempt to address the Mother-Child relationship." The trial court then "reverse[d] the parenting/custodial schedule" and ordered that the child would "now primarily reside with the Mother in accordance with the schedule that the Father has heretofore been awarded." Accordingly, the father's visitation schedule was the same schedule that had previously been established for the mother. The trial court stated that the mother was "temporarily awarded

7

primary physical custody" of the child "immediately following the closure of school for the Christmas holiday period."

The day the order was entered, December 12, 2022, the father filed a motion to alter, amend, or vacate the order and requested a hearing to address the "immediate concerns" regarding the child's well-being. The next day, the trial court entered an order setting a hearing on the father's motion for June 15, 2023; however, a trial on the issue of custody modification had already been scheduled for April 2023. The father timely filed a petition for a writ of mandamus with this court. On January 2, 2023, this court, on the father's motion, entered an order staying the effect of the trial court's December 12, 2022, order.

Analysis

To obtain a writ of mandamus, the father must demonstrate (1) a clear legal right to the order sought; (2) an imperative duty upon the trial court to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995).

Although the trial court's order is titled a "temporary order" and not a pendente lite order, we note that a pendente lite custody order is

8

one that is effective only during the pendency of the litigation in an existing case and is usually replaced by the entry of a final judgment. Hodge v. Steinwinder, 919 So. 2d 1179, 1182 (Ala. Civ. App. 2005). Here, the "temporary order" awarding the mother custody based on the trial court's finding that the father was in contempt will be replaced by the judgment entered on the parties' competing requests for sole physical custody. Because the issue of pendente lite custody would be mooted by the entry of that judgment, mandamus is the proper vehicle for seeking review of the December 2022 order. Ex parte L.L.H., 294 So. 3d 795, 799-800 (Ala. Civ. App. 2019).

The father contends that the trial court erred in modifying custody as a sanction for contempt. We agree. Alabama appellate courts have explicitly held that visitation disputes cannot serve as the basis for the modification of custody judgments. Cochran v. Cochran, 5 So. 3d 1220, 1228 (Ala. 2008); Ex parte Anderson, 170 So. 3d 677, 680 n.2 (Ala. Civ. App. 2014). "[T]he appropriate remedy in such a situation is to punish the custodial parent for contempt, not to uproot the children." Lami v. Lami, 564 So. 2d 969, 970 (Ala. Civ. App. 1989). The only sanction the trial court levied against the father upon finding him in contempt for his

failure to comply with visitation provisions in the previous custody judgments was to modify custody. Such a "punishment" is inappropriate, and the trial court erred in entering its "temporary order" awarding the mother sole physical custody of the child. Because the father has demonstrated that he has a clear legal right to the relief that he seeks in his petition, the petition is granted and the writ is due to be issued.

Because we have determined that the father is entitled to the writ he seeks, we pretermit discussion of the other grounds that he asserts as reasons that the writ should be issued. However, his contention that the trial court's seven-month delay in entering the order after the hearing on the issue of contempt, which resulted in the abrupt removal of the child from her home with the father in the middle of the school year, was unreasonable and not in the child's best interest bears mentioning. As the father points out, in Ex parte Taylor, 335 So. 3d 1159 (Ala. Civ. App. 2021), this court admonished the same trial judge who is presiding over this matter for the unreasonable delay in entering an order on motions requesting pendente lite custody, saying that we were most "concerned … with the harm that the delay might have caused to the children." 335 So. 3d at 1161. In Taylor, we observed that "[a] judge is expected to

'dispose promptly of the business of the court,' … Canon 3.A.(5), Ala. Canons of Jud. Ethics, and to 'diligently discharge his [or her] administrative responsibilities,' Canon 3.B.(1), Ala. Canons of Jud. Ethics." Id. at 1162. We also pointed out that the trial judge's "consistent dereliction of duty in promptly disposing of the cases before her" had resulted in the Court of the Judiciary taking disciplinary action against her in 2018. Id. Nonetheless, the trial judge has persisted in her refusal to enter timely orders, even for the sake of the lives of the children involved. To say that this court is disappointed that the trial judge has failed to take seriously the admonitions and pleas for her to discharge her duties responsibly understates our concern about the behavior of the trial judge.

For the reason discussed, we grant the father's petition for a writ of mandamus and instruct the trial court to vacate the December 12, 2022, "temporary order" awarding the mother sole physical custody of the child.

PETITION GRANTED; WRIT ISSUED.

Hanson, J., concurs.

Moore and Edwards, JJ., concur in the result, without opinions.

Thompson, P.J., recuses himself.