This is a petition for writ of mandamus to be issued from this court directing the Honorable William D. McFatter, District Court Judge of the Juvenile Court of Houston County, to set aside his orders requiring the Alabama Department of Mental Health to continue legal custody and to provide certain social services and child welfare services to William Calhoun after his discharge from the Eufaula Adolescent Adjustment Center, a facility operated by the Alabama Department of Mental Health.
In January 1975, in response to a petition by the Alabama Department of Pensions and Security (DPS), the Juvenile Court of Houston County declared William Calhoun to be a dependent child and placed custody with DPS; whereas, in 1982, DPS petitioned the juvenile court to have William Calhoun committed to the Department of Mental Health for treatment at the Eufaula Adolescent Adjustment Center. Prior to the final hearing on the petition, the Department of Mental Health, pursuant to section 12-15-90 (d)(3), Code 1975, notified the Juvenile Court of Houston County that if William Calhoun was committed to the Department of Mental Health he should be sent to Searcy Hospital, a facility operated by the Department of Mental Health, for evaluation to determine his appropriateness for treatment at the Eufaula Adolescent Adjustment Center. By written order dated November 3, 1982, the Juvenile Court of Houston County declared William Calhoun to be "dependent and in need of supervision and a ward of the State of Alabama" and ordered him committed to the Department of Mental Health for evaluation and treatment at the Eufaula Adolescent Adjustment Center."
Subsequent to said order, William Calhoun was admitted to Searcy Hospital on January 7, 1983 for evaluation. By letter dated February 8, 1983, Searcy Hospital informed the Juvenile Judge of Houston County that the psychiatric evaluation indicated "no evidence of a disorder of his form of thinking" and that his "[i]ntelligence appeared to be in the dull average range."
On April 29, 1983 the Honorable Judy A. Newcomb, guardian ad litem for William Calhoun, filed a written motion in the juvenile court alleging that William Calhoun would be discharged from the Eufaula Adolescent Adjustment Center on May 7, 1983, and requested that "a comprehensive plan of treatment and rehabilitation be determined by the Court to secure Mr. Calhoun his right of treatment and rehabilitation which are guaranteed to him by the United States Constitution and the Code of Alabama." In response to this motion, the Department of Mental Health reassessed the decision to discharge Mr. Calhoun.
On or about August 19, 1983 the judge of the Juvenile Court of Houston County issued a verbal order transferring the physical custody of William Calhoun to his brother Edward Calhoun and to the guardian ad litem, Judy A. Newcomb. The judge issued a written order on August 19, 1983 to Mental Health to file an in depth treatment *Page 56 
plan for Calhoun pending a final disposition of the matter. In response to this order, Mental Health filed a postrelease plan with the court.
On September 9, 1983 Mental Health discharged William Calhoun to the custody of his brother Edward.
After September 9, 1983 several verbal orders were issued to Mental Health concerning the legal custody of William and directing that a plan for certain services to be provided for William by Mental Health be submitted to the court.
On September 26, 1983 the guardian ad litem filed a motion with the juvenile court asking for a hearing on the interim placement of William pending a final disposition of his case. On September 27, 1983 the juvenile court issued a written order setting the matter for hearing "on Wednesday, October 5, 1983 at 8:30 a.m. and every Wednesday thereafter until a satisfactory disposition is made in regard to the said William Calhoun."
The first issue presented is whether the petition for the writ of mandamus is properly taken to this court. Rule 28 of the Alabama Rules of Juvenile Procedure appears to be applicable in this case. Rule 28 states in pertinent part that:
 "(C) In cases arising out of the jurisdiction of the juvenile court over a child, appeal from a final order, judgment or decree shall be:
". . . .
 "(2) To the Court of Civil Appeals in the following cases:
". . . .
 "(c) Proceedings to determine custody or to appoint a legal custodian when the child is otherwise before the juvenile court;
". . . .
 "(e) Proceedings for the commitment of a mentally ill or mentally retarded child."
Before March 1, 1982 an appeal from the juvenile court was to the circuit court because juvenile proceedings were not recorded; therefore, a trial de novo was necessary so that a record could be prepared for appeal.
However, rule 20 of the A.R.J.P. now requires a complete record of all testimony in juvenile proceedings. Consequently, rule 20 in conjunction with rule 28, A.R.J.P., makes appeal to the circuit court before appeal to this court unnecessary. Hence, this action is properly before this court.
The next issue for consideration is whether the district court's verbal orders are valid. Section 12-12-2, Code 1975, provides that the district court is a court of record. Courts of record have been defined as courts whose proceedings are perpetuated in writing. Black's Law Dictionary 425 (rev. 4th ed. 1968). Additionally, section 12-15-2 provides that the circuit and district courts shall exercise original concurrent juvenile jurisdiction sitting as the juvenile court. Hence, since the district court is a court of record and the juvenile court is part of the district court, the juvenile court must also record its proceedings. Further, section 12-15-2, Code 1975, part (b), provides that all orders and decrees of the juvenile court shall be entered in a separate minute book from the district or circuit courts' books.
The verbal order issued by the juvenile court on August 19, 1983 placing physical custody of William in his brother Edward and the guardian ad litem is clearly invalid as are the verbal orders issued by the court between September 9, 1983 and September 26, 1983 relating to the legal custody of William and the requirement that a plan for furnishing certain services to William be given to the court.
Absent the verbal orders issued by the court, there is presently pending before the juvenile court a motion by the guardian ad litem to require Mental Health to submit a comprehensive plan for treatment and rehabilitation of William and also a motion for a hearing on the interim placement of William pending a final disposition of his case.
In response to these motions, the juvenile court has issued a written order setting the *Page 57 
matter for hearing on Wednesday, October 5, 1983, and every Wednesday thereafter until the matter can be decided. The court will necessarily have to reschedule its hearings on these motions.
At the hearings scheduled by the juvenile court, Mental Health will have an opportunity to present to the court its views on the authority of the court to require it to retain legal custody of William Calhoun and to furnish the court a plan for treating and rehabilitating him.
Should the court decide that Mental Health does have legal custody of William and must continue giving him treatment in accordance with the court's directions, Mental Health can appeal to this court and have those issues reviewed. Again, these decisions must be in writing.
As the case now stands before the juvenile court, no final decision has been made about the legal custody of William Calhoun nor has a final decision been made concerning the treatment he should be given and who or what agency should be required to provide that treatment. The relief requested here by Mental Health is therefore premature.
WRIT DENIED.
WRIGHT, P.J., and HOLMES, J., concur.