Jason Michael Sharp and Laura W. Hamilton, circuit judge for the twenty-third judicial circuit, petition this Court for a writ of mandamus instructing the Court of Criminal Appeals to vacate its order granting the State of Alabama's petition for a writ of prohibition. The Court of Criminal Appeals, in its writ of prohibition, directed Judge Hamilton to vacate her order directing the district attorney's office to reindict Sharp and to record and transcribe the grand jury proceedings so that *Page 573 
she could review the proceedings in camera.
 I.
Sharp was indicted for capital murder. Before trial, he moved to suppress statements he had made to the police. Judge Hamilton granted Sharp's pretrial suppression motion. Sharp then moved the court to dismiss the indictment, arguing that the indictment was based on the suppressed statements. On May 9, 2002, the district attorney volunteered to reindict Sharp without the use of the statements and agreed to have the grand jury proceedings resulting in the indictment recorded and transcribed,[1]
and the trial court directed that the grand jury proceedings be transcribed.
In May 2002, Sharp was reindicted for capital murder; however, the grand jury proceedings were not recorded and transcribed. Sharp filed an amended motion to dismiss the second indictment because the proceedings were not recorded and transcribed. On September 20, 2002, Judge Hamilton issued a written order directing the district attorney to reindict Sharp yet again and to record and transcribe the proceedings. Judge Hamilton also stated that if the district attorney failed to comply he was to appear before the court on November 20, 2002, and show cause why he should not be held in contempt. On November 8, 2002, the State filed a motion seeking to have Judge Hamilton reconsider her order; Judge Hamilton did not rule on the motion.
On October 25, 2002, the State sought to have Judge Hamilton recuse herself from the case. On November 18, 2002, Judge Hamilton issued an order declining to recuse herself. On the same day, the State petitioned the Court of Criminal Appeals for a writ of mandamus directing Judge Hamilton to recuse herself and for a writ of prohibition directing Judge Hamilton to vacate her September 20, 2002, order requiring the district attorney to have the grand jury proceedings recorded and transcribed. On January 31, 2003, the Court of Criminal Appeals granted the State's petition for the writ of prohibition and, without opinion, denied the State's petition for a writ of mandamus.
In their separate petitions, Judge Hamilton and Sharp argue (1) that the Court of Criminal Appeals erred in failing to dismiss the State's petition for the writ of prohibition as untimely, and (2) that the Court of Criminal Appeals erred in holding that Judge Hamilton exceeded her authority by ordering the district attorney to have the grand jury proceedings recorded and transcribed.
 II.
Mandamus is an extraordinary remedy and will be issued only when there is "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991). "A decision of a court of appeals on an original petition for writ of mandamus or prohibition or other extraordinary writ (i.e., a decision on a petition filed in the court of appeals) may be reviewed de novo in the supreme court. . . ." Rule 21(e)(1), Ala. R.App. P.
 III.
Judge Hamilton and Sharp first argue that the petition for the writ of prohibition *Page 574 
should have been dismissed because, they argue, it was not filed within a presumptively reasonable time as required by Rule 21(a), Ala. R.App. P. Rule 21 provides:
 "Application for a writ of mandamus or of prohibition directed to a judge or judges shall be made by filing a petition therefor with the clerk of the appellate court having jurisdiction thereof with certificate of service on the respondent judge or judges and on all parties to the action in the trial court. . . . The petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court shall be the same as the time for taking an appeal. If a petition is filed outside the presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time."
The presumptively reasonable time for filing a petition is "the same as the time for taking an appeal." Rule 4(b), Ala. R.App. P., provides that in an appeal from a conviction "[i]n a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence. . . ." However, Rule 15.7(b), Ala. R.Crim. P., provides as follows regarding a pretrial appeal by the State:
 "The notice of appeal shall be filed both with the clerk of the circuit court and with the clerk of the Court of Criminal Appeals within seven (7) days after the order has been entered, but in any case before the defendant has been placed in jeopardy under established rules of law."
In Ex parte Thomas, 828 So.2d 952 (Ala. 2001), the State petitioned for a writ of mandamus seeking to vacate the trial court's order dismissing a criminal indictment. This Court, in reviewing the timeliness of the petition for the writ of mandamus, concluded that the petition should have been filed within the seven-day period set forth in Rule 15.7, Ala. R.Crim. P.
 "The frailty of the analogy proposed by the State between its mandamus-review right and the defendant's postjudgment appellate-review right (with its 42-day deadline for appealing a conviction) is that the State does not have or need any right to a review of a conviction and does not have any right to a review of an acquittal on the merits, Fong Foo [v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629, (1962)], but does have a right (within a seven-day deadline) to an appeal of a pretrial dismissal of an indictment, Rule 15.7, Ala. R.Crim. P."
Ex parte Thomas, 828 at 955.[2]
The trial court first orally directed on May 9, 2002, that the grand jury proceedings be recorded and transcribed. Then, on September 20, 2002, the trial court entered a written order requiring that the proceedings be recorded and transcribed. The State filed its "Motion to Reconsider and to Withdraw Order Requiring Representation of Case and Recordation of Testimony" on November 8, 2002, 49 days after the entry of the written order, and on November 18, 2002, 59 days after the trial court entered its written order, the State petitioned the Court of Criminal Appeals for the writ of prohibition. The State, therefore, did not file its petition within the presumptively reasonable time — 7 *Page 575 
days — and did not include in its petition a "statement of circumstances constituting good cause for the appellate court to consider the petition" required by Rule 21, Ala. R.App. P. Seealso Ex parte Troutman Sanders, LLP, 866 So.2d 547 (Ala. 2003), stating "that an explanation is mandatory, that is, the petition `shall include a statement of circumstances constituting good cause for the appellate court to consider the petition,'" 866 So.2d at 549, and that "[t]he dispositive question, therefore, is whether a `motion to reconsider' tolls the time for filing a petition for a writ of mandamus seeking review of an interlocutory order." 866 So.2d at 549. Like the Court in Troutman Sanders, "[w]e must answer that question in the negative." 866 So.2d at 549.
In Ex parte Davis, 834 So.2d 830 (Ala.Crim.App. 2002), Davis petitioned the Court of Criminal Appeals for a writ of mandamus 133 days after the trial court denied his request for in formapauperis relief. Davis failed to include with his petition a "statement of circumstances constituting good cause for the appellate court to consider the petition" as required by Rule 21, Ala. R.App. P. The Court of Criminal Appeals stated that "[t]he use of the word `shall' indicates that this provision is mandatory, not permissive," citing Pierson v. State,677 So.2d 246 (Ala. 1995), and dismissed his petition "[b]ecause Davis has failed to comply" with the provisions of Rule 21(a). 834 So.2d at 832.
The Court of Criminal Appeals, in the case before us, held that the period allowed for a pretrial appeal, and thus for filing a petition for an extraordinary writ, begins to run, not on the date the trial court's order was issued, but on the date by which the order required the district attorney to comply with the trial court's order. Judge Hamilton argues that such a rule is undesirable because the content of each order will govern the time for filing an appeal or a petition for an extraordinary writ.
The Court of Criminal Appeals states that under Rule 4(b), Ala. R.App. P., "the failure to file an extraordinary petition within the presumptively reasonable time will not deprive a reviewing court of jurisdiction to consider the merits of the petition as would the failure to file a timely notice of appeal." State v.Sharp, 893 So.2d 566, 568 (Ala.Crim.App. 2003). However, Rule 4(b), Ala. R.App. P., does not so provide.[3] The Court of Criminal Appeals has also stated that it "can review a jurisdictional *Page 576 
issue at any time, even if the issue is not raised by the appellant." See Lanier v. State, 733 So.2d 931, 935
(Ala.Crim.App. 1998), citing Nunn v. Baker, 518 So.2d 711, 712
(Ala. 1987). Although an appellate court may review a jurisdictional issue at any time, the present case does not involve a jurisdictional issue. The Court of Criminal Appeals admits that Judge Hamilton had jurisdiction to decide Sharp's motion to dismiss the indictment against him. Therefore, we conclude that the Court of Criminal Appeals erred in accepting the State's petition for the writ of prohibition as timely.[4]
 IV.
Because the State's petition for the writ of prohibition was not timely filed and did not include the statement of good cause for the appellate court to consider the petition as required by Rule 21, Ala. R.App. P., we conclude that the Court of Criminal Appeals should not have considered the State's petition for the writ of prohibition. Therefore, we grant Judge Hamilton's and Sharp's petitions for the writ of mandamus and direct the Court of Criminal Appeals to vacate its order granting the State's petition for the writ of prohibition.
PETITIONS GRANTED; WRIT ISSUED.
HOUSTON, LYONS, JOHNSTONE, and HARWOOD, JJ., concur.
WOODALL, J., concurs in the result.
BROWN and STUART, JJ., dissent.
[1] The district attorney subsequently filed an affidavit in the trial court disputing that he agreed to have the grand jury proceedings recorded and transcribed.
[2] "A writ of prohibition is the complement to the writ of mandamus." State v. Crossman, 687 So.2d 817, 818 (Ala.Crim.App. 1996), and the rationale in cases involving writs of mandamus applies to cases regarding writs of prohibition.
[3] Rule 4(b), Ala. R.App. P., provides:
 "In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2). A notice of appeal filed after the announcement of a decision or order, but before pronouncement of the sentence, shall be treated as having been filed after pronouncement of the sentence and on the day thereof. If a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal has been filed within 30 days from pronouncement of the sentence, an appeal may be taken within 42 days (6 weeks) after the denial or overruling of the motion. A motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal filed before pronouncement of the sentence shall be treated as having been filed immediately after pronouncement of the sentence and on the day thereof. When notice of appeal is made or filed before the timely filing of a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal, or during the pendency of such a timely filed motion, the time for filing of the court reporter's transcript and the clerk's record shall be governed by Rule 11(b) and (c) as if the notice of appeal had been filed on the date of the overruling of such motion. When an appeal by the state as of right is authorized by statute or rule, the notice of appeal shall be filed in the trial court within 42 days (6 weeks) after the decision, order, or judgment appealed from; except that any pre-trial appeal by the state shall be taken within the time allowed by the rule of criminal procedure providing for such appeals."
[4] Judge Hamilton and Sharp argue that the Court of Criminal Appeals erred in holding that the trial court exceeded its authority by ordering that the grand jury proceedings be recorded and transcribed; however, because we conclude that the petition for the writ of prohibition was not timely and should not have been considered by the Court of Criminal Appeals, it is not necessary to determine whether the trial court exceeded its authority in ordering those proceedings recorded and transcribed.