MOORE, Judge.
On September 21, 2015, K.A.S. (“the mother”) petitioned this court to issue a *506 writ of mandamus to the Jefferson Juvenile Court (“the juvenile court”) ordering it to vacate its June 25, 2015, and September 4, 2015, pendente lite orders to the extent that those orders
“1) chang[ed] custody [of the parties’ child] to the Father [without] addressing] the rebuttable presumption(s) established by § 30-3-130, et. seq. AND the best interest of the minor child standard; 2) required] [the] Mother to move back to Alabama; 3) [i]dentif[ied] Alabama [as] the home state of the child; 4) directed] [the] Mother to return to the State of Alabama to conduct the minor child’s visitation with the Father; and/or 5) assigned] the cost of any visitation expenses to the Mother.”
(Bold typeface in original.)
I. Timeliness
We first conclude that, except insofar as the mother attacks the subject-matter jurisdiction of the juvenile court, see Ex parte Sharp, 893 So.2d 571 (Ala.2003) (noting that the lack of subject-matter jurisdiction of a court can be raised at any time), we cannot consider the petition for a writ of mandamus to the extent it arises from the June 25, 2015, order. Rule 21(a)(3), Ala. R.App. P., provides:
“The petition [for a writ of mandamus] shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
In cases before a juvenile court, 14 days is the presumptively reasonable time to file a petition for a writ of mandamus. R.P.M. v. P.D.A., 112 So.3d 49, 50-51 (Ala.Civ.App.2012). The mother did not file her petition until 88 days after the juvenile court entered its June 25, 2015, order. The mother has failed to show good cause for filing her petition so long after the entry of the June 25, 2015, order.[1]
The mother also failed to file her petition within the presumptively reasonable period in relation to the September 4, 2015, order. The petition was due on Friday, September 18, but it was not filed until the following Monday, September 21. The petition received by this court did not include a statement of good cause for the tardy filing, which, ordinarily, would have prohibited this court from reviewing the petition. See Ex parte Sharp, supra. This court originally dismissed the petition due to this deficiency; however, on September 30, 2015, the mother filed an application for rehearing, explaining that she had included a statement of good cause as an attachment to the petition but that the statement had been inadvertently omitted when the petition and the voluminous exhibits attached to the petition were copied, printed, and electronically filed. The mother attached the original statement of good cause to her application for rehearing. Rule 1, Ala. R.App. P., provides that the rules of appellate procedure “shall be construed so as to assure the just, speedy, *507 and inexpensive determination of every appellate proceeding on its merits.” We conclude that, under these circumstances, the mother has complied with Rule 21(a)(3) by providing the court with her statement of good cause that she intended to file as part of her original petition.
In the statement of good cause, the mother asserts that her attorney worked exclusively on the petition after returning from an extended Labor Day vacation but that he was unable to complete the petition and file it until September 21, one working day late. The Committee Comments to Amendments to Rule 21(a) and 21(e)(4), Ala. R.App. P., Effective September 1, 2000, state, in pertinent part:
“To determine whether the circumstances warrant the appellate court’s accepting a petition filed beyond the presumptively reasonable time established in this rule, the court should weigh factors such as the prejudice to the petitioner of the court’s not accepting the petition and the prejudice to the opposing party of the court’s accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged.”
After considering the statement of good cause, this court concluded that the one-day delay would not prejudice N.R.F; (“the father”) or impact the timely administration of justice but that, not allowing the petition could prejudice the mother and the parties’ child. Therefore, this court accepted the petition outside the presumptively reasonable time; on October 2, 2015, this court issued an order granting the mother’s application for rehearing and reinstating her petition;
II. Motion to Strike
• The father has filed a motion to strike several of the attachments to the mother’s petition, specifically attachments 1, 2, 3, 13, 23, 27, 28, 30, and 38. Those attachments are police reports, a report from the Los Angeles Fire Department, and certain medical records. The father asserts, among other things, that nothing indicates that the documents are part of the record in the juvenile court. “[I]n a mandamus proceeding, this Court will not consider evidence not presented to the trial court.” Ex parte Cincinnati Ins. Co., 51 So.3d 298, 310 (Ala.2010); see also Rule 21(a)(1)(E), Ala. R.App. P. Because nothing indicates that the attachments to which the father objects are a part of the record in the juvenile court, we conclude that the father’s motion to strike is due to be granted.
The father also argues in his answer to the petition that this court should not consider the statements in the mother’s brief that reference the objectionable attachments or .any statements that are not supported by any attachments. “[Tjhis Court is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court.” Ex. parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002). Accordingly, this court will not consider any statements in the mother’s brief that are not supported by an attachment that was a part of the record in the juvenile court.
III. Merits of the Petition
A; Background
The petition, the answer, and the attachments that have not been stricken reveal the following. A child was born to the parties, who were never married, on November 30, 2010. The parties lived together for a period but then separated in 2011. *508 The mother and the child moved from Alabama, to California on July 1, 2011, and have lived there since that time. On October 13, 2011, the father filed in the juvenile court a petition seeking to establish the paternity of the child. On October 19, 2011, the juvenile court entered an order awarding the mother primary physical custody of the child, awarding the father certain, visitation, and ordering the father to pay child support. Although the juvenile court did not expressly determine paternity, its ordering the father to pay . child support was an implied determination of paternity. See R.R.C. v. D.G.C., 183 So.3d 164, 165 (Ala.Civ.App.2015). However, that order was not final because it addressed visitation between the child and the father only for November and December 2011 and it contemplated further proceedings. See, e.g., Giardina v. Giardina, 39 So.3d 204, 207 (Ala.Civ.App.2009). The attachments to the petition and the answer show that the juvenile court did not subsequently enter a final judgment in the case.
On June 25, 2015, the juvenile court entered an order that, among other things, declared that Alabama is the home state of the child, awarded primary physical custody of the child to the mother, awarded the father visitation, and ordered that the child remain in Alabama pending a final hearing. On July 23, 2015, the father filed a motion" for immediate custody, alleging that the mother had failed to return the child to Alabama and to make the child available for visitation. After hearing arguments, the juvenile court, on September 4, 2015, entered an order, pending a final hearing, awarding the father sole legal and physical custody of the child over the “strong objection” of the child’s guardian ad litem.
B. Standard of Review
“A writ of mandamus is an extraordinary remedy available only when the petitioner demonstrates: ‘“(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and .(4) the properly invoked jurisdiction of the court.’” Ex parte Nall, 879 So.2d 541, 543 (Ala.2003) (quoting Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001)). A petition for a writ' of mandamus is the proper vehicle for seeking review of an interlocutory order. . Ex parte A.M.P., 997 So,2d 1008, 1014 (Ala.2008). However, ‘[a] writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal.’ Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998) (citing Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991)).”
Ex parte T.J., 74 So.3d 447, 450 (Ala.Civ.App.2011).
C. Discussion
The mother argues that the juvenile court lacked subject-matter jurisdiction because Alabama is not the child’s home state. We agree that Alabama was not the child’s home state under § 30-3B-102(7), Ala.Code 1975, a part of Alabama’s version of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UC-CJEA”), § 30-3B-101 et seq., Ala.Code 1975, because, at the time of the commencement of this case, the child had not “lived [in Alabama] with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of [the] child custody proceeding.” However, § 30-3B-201(a)(l), Ala.Code 1975, provides that a court in this state may make an initial child custody determination if “[t]his state ,.. was the home state of the child within six months before the commencement of the proceed *509 ing and the child is absent from this state but a parent or person acting as a parent continues to live in this state.” In Ex parte Siderius, 144 So.3d 319 (Ala.2013), our ■ supreme court held that § 30-3B-201(a)(1) extends home-state jurisdiction when a child whose home state was Alar bama within six months of the eommencer ment of the case.has been removed from the state by one .parent, but the other parent remains in the state. ,. .
In this case, the child had lived in Alabama from his, birth-in November 2010 until July 1, 2011, making Alabama his home state during that time. The mother removed the child to California on July 1, 2011, but the father remained in Alabama. The father commenced his paternity action on October 13, 2011, within six months of the date of the departure from Alabama of the mother and the child. Based on these facts, the juvenile court had subject-matter jurisdiction over the case pursuant to § 30-3B-201(a)(l). Thus, the mother is not entitled to mandamus relief on, the ground that the juvenile court lacks jurisdiction over the custody of the child.
The mother next argues that the juvenile court erred in changing custody of the child in its September 4, 2015, order because the juvenile court failed to address (1) protections afforded to her by certain parts of 'the Custody and Domestic or Family Abuse Act, § 30-3-130 et seq., Ala. Code 1975, and (2) the best-interest-of-the-child standard.
Section 30-3-131, Ala.Code 1975, provides:
“In every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that domestic or family violence has occurred raises a rebuttable presumption by the court that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of domestic or family violence. Notwithstanding the - provisions regarding rebuttable presumption, the judge must also take into account what, if any, impact the domestic violence had on the child.” ■
Section 30—3—132(b), Ala.Code 1975, provides:
“If a parent is absent or relocates because of an act of domestic or family violence by the other parent, the absence or relocation may not be a factor that weighs against the parent in determining ... custody or visitation.!’
Section 30-3-133, Ala.Code 1975, providbs:
“In every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that domestic or family violencé has occurred raises a rebuttable presumption by the court that it is in the best interest of-the child to reside with the parent who is not a perpetrator of domestic-or family violence in the location of that parent’s choice, within or outside the state.”
Because, in the present case, the juvenile court has not held any evidentiary hearings pertaining to the custody of the child, it has not had an opportunity to make a determination regarding whether domestic of family violence has occurred or whether the father is the perpetrator of such violence. The mother’s allegations that the father has committed domestic or family violence against her and the child do not amount to a judicial determination that, in fact, he did so. Accordingly, the mother has failed to show that §§ 30-3-131, 30-3-132(b), and 30-3-133 apply.
However, we do agree with the mother. that the -juvenile court erred in changing the physical and legal custody of the child in its September 4, 2015, order *510 without conducting a hearing to determine whether that change of custody would serve the best interests of the child. It appears that the child has resided with the mother since birth. The attachments to the petition indicate that, before the entry of the September 4, 2015, order, all the juvenile court’s pendente lite orders provided that the mother would exercise primary physical custody of the child and that the father would exercise visitation. We note that the June 25, 2015, order mandated that the father’s visitation be supervised; subsequently, less than three months later, the juvenile court entered the September 4, 2015, order transferring sole custody to the father based apparently on the mother’s failure to comply with visitation orders, after hearing only arguments of counsel, and over the “strong objection” of the child’s guardian ad litem.
“[BJefore the trial court [enters a] pendente lite custody [order], the [party requesting pendente lite custody must] introduce evidence establishing that an award of pendente lite custody to him [or her is] in the best interest of the child.” Ex parte Russell, 911 So.2d 719, 725 (Ala.Civ.App.2005). Furthermore,
“modification of custody is not the proper remedy for a visitation dispute. Foster v. Carden, 515 So.2d 1258, 1260 (Ala.Civ.App.1987); Smith v. Smith, 464 So.2d 97, 100 (Ala.Civ.App.1984). ‘Rather, the appropriate remedy in such a situation is to punish the custodial parent for contempt, not to uproot the children.’ Lami v. Lami, 564 So.2d 969, 970 (Ala.Civ.App.1989).”
Cochran v. Cochran, 5 So.3d 1220, 1228-29 (Ala.2008).
Because it appears that the juvenile court failed to consider any evidence concerning the best interests of the child and instead changed the custody of the child as a result of a visitation dispute, we conclude that the juvenile court’s September 4, 2015, order was entered in error. See Russell, 911 So.2d at 725 (issuing writ of mandamus when no evidentiary hearing was held to determine the best interests of the child before entering order awarding pendente lite custody); Cochran, 5 So.3d at 1228-29. We therefore grant the petition and issue a writ of mandamus requiring the juvenile court to vacate its September 4, 2015, order to the extent that it modified custody of the child.
The mother also states in her petition that the juvenile court erred in directing her to return to Alabama to conduct the child’s visitation with the father and in assigning the costs of visitation to her. We conclude, however, that those arguments are not directed at the juvenile court’s subject-matter jurisdiction or are directed at rulings not contained in the September 4, 2015, order. We also note that the mother has failed to make an argument in her petition sufficient to show a clear legal right to relief on this point. T.J., 74 So.3d at 450.
Finally, we note that the juvenile court has scheduled a final hearing in this case. Nothing in this opinion should be construed as affecting the juvenile court’s ability to determine custody of the child considering the evidence presented at the final hearing and the applicable legal standards. Furthermore, nothing in this opinion should be construed as affecting the mother’s right to appeal as to any issue after the entry of the final judgment in this case.
D. Conclusion
Based on the foregoing, we grant the petition in part and issue a writ of mandamus to the Jefferson Juvenile Court to vacate its September 4, 2015, order to the extent that it modified custody of the child. The petition is denied in all other respects.
*511 PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and DONALDSON, J., concur.
PITTMAN, J., concurs in the rationale in part and concurs in the result, with writing.
THOMAS, J., dissents, with writing.