Ex parte Glen Ray GLASSMEYER.

(In re Jeanette B. Glassmeyer, by and through her guardian, Diane Hamm, and her guardian ad litem, Kimberly G. Kervin

v.

Glen Ray Glassmeyer

and

Jeanette B. Glassmeyer, by and through her guardian, Stephen M. Langham

v.

Glen Ray Glassmeyer).

2150379.

Court of Civil Appeals of Alabama.

March 25, 2016.

Roianne Houlton Conner and Preston L. Presley of Law Offices of Roianne Houlton Conner, Montgomery, for petitioner.

Kimberly Griffin Kervin, Prattville; and Kelly T. Lee, Prattville, for respondents.

PER CURIAM.

Glen Ray Glassmeyer ("the husband") has petitioned for the writ of mandamus directing the Autauga Circuit Court to dismiss a complaint for a divorce filed by the guardian of Jeanette B. Glassmeyer ("the wife") on the wife's behalf. We deny the petition.

The husband and the wife were married in March 2014. In April 2014, the wife's guardian, Diane Hamm, and the wife's guardian ad litem, Kimberly G. Kervin, filed on the wife's behalf a complaint seeking an annulment of the marriage; the complaint was assigned case number DR–14–900061 ("the annulment action"). The complaint in the annulment action alleges that the husband "fraudulently misrepresented his intentions" regarding the marriage; specifically, the complaint in the annulment action alleges that the husband told the wife that he desired to marry her so that all of his possessions would be awarded to her when he died but that he had no assets. The complaint in the annulment action further alleges that the husband's intent was to marry the wife to convert her substantial assets to his own use, which the complaint asserts is evidenced by his removal of large sums of money out of the wife's bank account without her knowledge and consent.

In April 2015, Stephen M. Langham, acting as the wife's guardian, filed a complaint requesting that the marriage between the husband and the wife be terminated by divorce; the divorce complaint was assigned case number DR–15–900069 ("the divorce action"). The complaint in the divorce action made allegations like those made in the annulment action, including that the husband had fraudulently misrepresented his intentions regarding the marriage and had intended to take the wife's assets as his own. In addition, the complaint in the divorce action alleged incompatibility of temperament and irremediable and irreconcilable breakdown of the marriage as grounds for the divorce.

In June 2015, the husband filed, in both the divorce action and the annulment action, identical motions to dismiss ("the first motions to dismiss"). In the first motions to dismiss, the husband alleged that he and the wife had had a romantic relationship and that they both had wanted to be married at the time of the marriage ceremony, that the wife still desired to be married to him, and that there existed no basis for an annulment or a divorce. The husband also asserted in the first motions to dismiss that the wife was being forced to live in an assisted-living facility against her will because, the husband alleged, she had stated that she did not want to live if she could not be with the husband.

By an order entered only in the divorce action, the circuit court denied the first motions to dismiss. In the same order, the circuit court consolidated the divorce action and the annulment action. The circuit court further ordered that all filings in both actions were to be filed in only one of the actions. The order reads as follows: "That [the annulment action] is consolidated herewith and all future filings in [the annulment action] shall be filed under this case number." Although it appears that

the order directed that all filings in both actions be made in the divorce action, the parties have apparently filed pleadings and motions in the annulment action.

■ The wife died in November 2015. In December 2015, the husband filed *in the annulment action* a second motion to dismiss *the divorce action* ("the second motion to dismiss"). The second motion to dismiss specifically stated that the husband sought the dismissal of the divorce action, and he argued that, because the divorce action did not survive the death of the wife, *see Jones v. Jones,* 517 So.2d 606, 608 (Ala.1987) ("A marriage is dissolved by the death of a party to the marriage, and a pending action for dissolution by divorce is necessarily terminated and absolutely abated."), the action should be dismissed. The circuit court entered an order in *the annulment action* denying the second motion to dismiss on December 9, 2015, and the husband filed this petition for the writ of mandamus in this court on February 3, 2015.[1]

" '[M]andamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' "

*Ex parte Massengill,* 175 So.3d 175, 178 (Ala.Civ.App.2015) (quoting *Ex parte Horton,* 711 So.2d 979, 983 (Ala.1998)).

■ Although the husband's argument that the divorce action is due to be dismissed has merit, we cannot reach the issue at this time because the husband's petition was prematurely filed. It is well settled that consolidated actions retain their separate identity. *League v. McDonald,* 355 So.2d 695, 697 (Ala.1978). Although consolidation "does not merge the suits into a single cause," *Evers v. Link Enters., Inc.,* 386 So.2d 1177, 1180 (Ala. Civ.App.1980), and " 'the parties and pleadings in one action do not become parties and pleadings in the other,' " *Ex parte Flexible Prods. Co.,* 915 So.2d 34, 50 (Ala.2005) (quoting *Teague v. Motes,* 57 Ala.App. 609, 613, 330 So.2d 434, 438 (Ala. Civ.App.1976)), a trial court may specify that all filings be made in only one case, *see* Rule 42(a), Ala. R. Civ. P. (indicating that, once actions are consolidated, a trial court "may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay"). However, and most pertinent to the present petition, although consolidated, "each action retains its separate identity and thus *requires the entry of a separate judgment."* *League,* 355 So.2d at 697 (emphasis added). Therefore, judgments or orders must be entered separately in each consolidated

---

1. Although the husband filed his petition for the writ of mandamus outside the presumptively reasonable time for filing the petition, *see* Rule 21(a)(3), Ala. R.App. P. (stating that the presumptively reasonable time for filing a petition for the writ of mandamus is the time allowed for taking an appeal from a final judgment), this court has recently indicated that, if a petition raises an issue regarding subject-matter jurisdiction, an untimely petition may be accepted even without a statement of good cause for the failure to timely file the petition, because the lack of subject-matter jurisdiction can be raised at any time. *Ex parte K.A.S.,* 197 So.3d 503, 506 (Ala.Civ. App.2015) (citing *Ex parte Sharp,* 893 So.2d 571 (Ala.2003)). However, this court had previously held in *Ex parte A.E.Q.,* 102 So.3d 388, 390–91 (Ala.Civ.App.2012), and in *Ex parte R.W.,* 41 So.3d 800, 805 (Ala.Civ.App.2009)(plurality opinion), that a party *must* timely invoke this court's jurisdiction, even when seeking review by way of a petition for the writ of mandamus based on an alleged lack of subject-matter jurisdiction.

case in order to resolve the issues in each case.

The second motion to dismiss sought dismissal of the *divorce action.* The order denying the second motion to dismiss was entered in *the annulment action.* The materials before this court do not indicate that an order denying the second motion to dismiss was entered in the divorce action. That is, it does not appear that the circuit court has entered an order on the second motion to dismiss in the divorce action and, thus, it appears that the husband's second motion to dismiss is still pending in that action. This court is therefore left in a situation similar to one in which a trial court has orally announced its ruling without having entered an order in the matter. *See In re Calhoun,* 446 So.2d 54 (Ala.Civ.App.1984) (denying a petition for the writ of mandamus as premature when a juvenile court had not entered written orders but had instead rendered oral orders regarding a juvenile sought to be committed). Because, based on the materials before this court, the circuit court has not entered an order denying the second motion to dismiss in the action the husband seeks to have dismissed—the divorce action—the husband's petition is premature and is therefore denied.

PETITION DENIED.

THOMPSON, P.J., and MOORE and DONALDSON, JJ., concur.

THOMAS, J., concurs in the rationale in part and concurs in the result, with writing, which PITTMAN, J., Joins.

THOMAS, Judge, concurring in the rationale in part and concurring in the result.

Although I agree with the conclusion that the petition must be denied because it is premature, I would also have concluded, upon initial review of this petition, that the petition was untimely filed. I dissented from the consideration of the application for rehearing in *Ex parte K.A.S.,* 197 So.3d 503, 511 (Ala.Civ.App.2015) (Thomas, J., dissenting), and, at that time, I did not state my specific objections to all the conclusions reached by the majority with which I disagreed, including the majority's decision to consider the untimely petition in that case based on what I conclude is dicta from *Ex parte Sharp,* 893 So.2d 571 (Ala.2003).[2] It is beyond question that an appellate court may consider the issue of subject-matter jurisdiction at the behest of a party even when that party has failed to assert a lack of subject-matter jurisdiction in the lower court; an appellate court may also consider the issue of subject-matter jurisdiction ex mero motu. *C.J.L. v. M.W.B.,* 868 So.2d 451, 453 (Ala.Civ.App. 2003). However, I cannot agree that because the issue of subject-matter jurisdiction cannot be waived and may be considered "at any time," *Ex parte Sharp,* 893 So.2d at 576, an appellate court can ignore the requirement that its jurisdiction be properly invoked before considering the

---

2. In *Ex parte Sharp,* our supreme court concluded that the Court of Criminal Appeals had improperly considered an untimely petition for the writ of prohibition. *Ex parte Sharp,* 893 So.2d at 575–76. In so doing, our supreme court stated some of the bases for considering the untimely petition that the Court of Criminal Appeals had set forth in its opinion, including the assertion that an appellate court " 'can review a jurisdictional issue

at any time.' " *Id.* The court rejected this basis for considering the untimely petition, stating that, "[a]lthough an appellate court may review a jurisdictional issue at any time, the present case does not involve a jurisdictional issue." *Id.* at 576. Thus, *Ex parte Sharp* does not, in my opinion, stand for the proposition that an appellate court may consider an untimely petition for an extraordinary writ simply because a jurisdictional issue is involved.

issue; certainly, the jurisdiction of this court is not properly invoked by the untimely filing of a petition for the writ of mandamus.[3] Mandamus is an extraordinary remedy. Therefore, I continue to adhere to the principle stated in *Ex parte A.E.Q.*, 102 So.3d 388, 390–91 (Ala.Civ. App.2012), that this court lacks jurisdiction to consider the issue of subject-matter jurisdiction if the petition for the writ of mandamus was untimely filed.

PITTMAN, J., concurs.

**3.** Rule 21(a)(3), Ala. R.App. P., permits an appellate court to consider a petition for the writ of mandamus filed outside the presumptively reasonable time only if a statement of good cause is submitted in conjunction with the late-filed petition and the statement provides reasons establishing good cause for the late filing. *See Ex parte Troutman Sanders, LLP,* 866 So.2d 547, 549 n. 1 (Ala.2003); *Ex parte Pelham Tank Lines, Inc.,* 898 So.2d 733, 736 (Ala.2004); and *Ex parte Massengill,* 175 So.3d 175, 178 (Ala.Civ.App.2015) ("[O]ur supreme court has previously indicated that the failure to offer an explanation for the untimely filing of a petition for a writ of mandamus in the body of the petition itself cannot be cured in a subsequent filing.").