Rel: April 24, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

## CL-2025-0485

_____

## E.T.M.

## v.

## R.M.

## Appeal from Jefferson Circuit Court
## (DR-23-900105)

FRIDY, Judge.

E.T.M. ("the wife") appeals from a judgment of the Jefferson Circuit Court ("the trial court") divorcing her from R.M. ("the husband"), awarding the husband periodic alimony, and dividing their property. For the reasons set forth herein, we affirm the judgment in part and reverse

it insofar as it awarded the husband periodic alimony and divided the marital property.

Background

On May 11, 2023, the wife filed a complaint seeking a divorce from the husband on the ground of an irretrievable breakdown of the marriage. The wife alleged that the husband had been verbally and physically abusive to her, and she requested, among other things, an equitable division of the parties' property and debts and exclusive possession of the marital residence. The wife, at some point, also obtained a protection-from-abuse ("PFA") order against the husband in a separate action ("the PFA action") based on an incident that occurred at the marital residence.

On May 24, 2023, the husband filed an answer and a counterclaim for a divorce in which he requested, among other things, exclusive possession of the marital residence and the vehicles that he had acquired during the marriage. On that same date, the husband moved to

consolidate the divorce action and the PFA action. The record on appeal does not reflect that the trial court consolidated the actions.[1]

The trial court held a bench trial on April 11, 2025. No court reporter was present for the trial, so there is no transcript of the trial. However, on October 24, 2025, the trial court entered an order approving and certifying the wife's statement of the evidence, filed pursuant to Rule 10(d), Ala. R. App. P., noting that no objection to the wife's statement of the evidence had been filed within the time prescribed by Rule 10(d).[2]

---

[1]In a statement of the evidence that the wife filed pursuant to Rule 10(d), Ala. R. App. P., the wife indicated that the trial court had consolidated the divorce action with the PFA action. However, the record on appeal does not contain an order consolidating the actions, and the wife, in her notice of appeal, acknowledged that the trial court had not entered an order consolidating the two actions.

[2]As discussed herein, after the trial court entered a judgment in the divorce action on May 13, 2025, the wife filed an untimely motion for the entry of findings of fact and conclusions of law pursuant to Rule 52(b), Ala. R. Civ. P. A day later, she filed a timely notice of appeal from the judgment entered in the divorce action. This court held the wife's notice of appeal in abeyance pending the resolution of the Rule 52(b) motion. On September 30, 2025, after the trial court entered an order denying the wife's untimely Rule 52(b) motion, this court lifted its order holding the wife's notice of appeal in abeyance.

On October 6, 2025, the wife filed in the trial court a document she titled "Statement of the Evidence Pursuant to Rule 10(c), Ala. R. App. P.," which we understand, instead, to have been filed pursuant to Rule 10(d). According to Rule 10(d), when, as in this case, "no report of the

evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Upon preparing such a statement, the appellant must serve the statement on the appellee within twenty-eight days after filing the notice of appeal, and the appellee has fourteen days thereafter to serve objections or proposed amendments to the statement. If the appellee serves no objections or proposed amendments, the appellant has twenty-one days after serving the statement on the appellee to file the statement with the trial court for approval. If the appellee serves objections or proposed amendments on the appellant, the appellant must file the statement and any such objections or proposed amendments with the trial court within seven days of receiving those objections or proposed amendments. The trial court has twenty-one days after the filing of a statement and any objections or proposed amendments to settle any disputes and issue an approved statement of the evidence or proceedings.

On October 24, 2025, the trial court entered an order indicating that it had not received any objections to the wife's statement of the evidence. Although it titled its order a "Denial Order," the trial court approved the wife's statement of the evidence "as an accurate statement of the proceedings in lieu of a transcript."

There is nothing in the record indicating that the husband objected to or otherwise challenged in the trial court the wife's statement of the evidence or the trial court's order approving that statement. Although, in a single sentence in his appellate brief, the husband states that the wife did not provide him a copy of her statement of the evidence "prior to the filing of same," Husband's brief at p. 6, he did not make this argument to the trial court. Separately, in a single sentence in another part of his brief, the husband states that the wife's statement of the evidence "was not an agreed upon statement and is only the [wife]'s statement." Id. at p. 8. Nothing in Rule 10(d) indicates that a party's statement of the evidence must be agreed upon by both parties before the trial court is permitted to enter an order approving it. And, again, nothing in the record indicates that the husband made this argument to the trial court.

According to the wife's statement of the evidence, the testimony at the trial indicated that the parties married in October 1988 and remained married for approximately thirty-five years. At the time of the trial, the wife was sixty years old, and the husband was sixty-eight years old. The parties had two children, who had both reached the age of majority at the time of the commencement of the divorce action.

The wife testified that she had retired from the University of Alabama at Birmingham in November 2024 and that she received approximately $4,000 per month in retirement benefits. She testified that, in 2010, she purchased the marital residence in Pleasant Grove for $89,900; that the mortgage on the marital residence was in her name only; that, because the parties were married, the lender had required the husband's name to be added to the deed to the marital residence; and that she had paid all the monthly mortgage payments for the entire duration of the loan. She further testified that the mortgage on the marital residence was paid off after the parties separated and that the 2025 tax-assessed value of the residence was $230,000. The wife also testified that she owned a 2005 Ford Expedition sport-utility vehicle, co-

owned a 2019 Mercedes automobile with one of the parties' children, and had a 401(k) account worth approximately $16,000.

The wife testified that the husband generally had paid the monthly utilities, had cut the grass, and, at times, had made repairs to the marital residence, although, she said, she sometimes had contributed to household expenses and had paid for repairs when needed. The wife testified that the parties' only previous shared debt was a mortgage on a house located on Kyser Avenue in Bessemer ("the Kyser Avenue property") and that she was not fully aware of the husband's business affairs because, she said, they had never shared a bank account or discussed finances.

The husband testified that he received approximately $1,200 per month in Social Security benefits, that any pension or 401(k) account he previously had had been dissolved, and that, although he was not employed at the time of trial, he intended to begin working with his cousin in Georgia. He also testified that he had purchased property located on 4th Avenue Southwest in Bessemer ("the 4th Avenue SW property") in 2006 for $50,000; that he later had sold a portion of that property, which included a house, to his son for $25,000; and that the

wife had not been named on the deed to that property. The 2025 tax-assessed value of that property was $16,200. The husband said that he had filed bankruptcy in 2016 and that the bankruptcy case had ended in 2021. The husband initially denied receiving $25,000 from the sale of cows, but, when confronted with notarized answers to interrogatories indicating that he had done so, he testified that he had given the wife five to ten percent of the proceeds from those sales. The wife disputed that testimony and denied having received money from the husband. The husband said that he also owned real property with his sister in Sumter County. The record does not indicate the value of that property.

Additionally, the husband denied having received settlement proceeds from an automobile accident in which he had been involved; however, the Rule 10(d) statement reflects that he was confronted with a State Farm settlement letter indicating that he had received $6,062.66 in settlement proceeds. Unlike his denial regarding the $25,000 from the sale of cows, which he later changed after being confronted with his interrogatory answers, the Rule 10(d) statement does not indicate that he changed his testimony denying receipt of those settlement proceeds.

According to the Rule 10(d) statement, the PFA action arose from an alleged assault that had occurred at the marital residence, which resulted in a related municipal-court proceeding. In that proceeding, the wife appeared as a witness and rather than reliving the events through testimony, recommended that the husband be ordered to attend domestic-violence and anger-management classes. The husband testified that he had completed those court-ordered classes.

The Rule 10(d) statement recounts conduct of the husband that the wife said violated the PFA order, but it does not set out the specific terms of that order. According to the wife, the husband violated the PFA order on two occasions. She testified that, on one occasion, the husband was near her church while she was there. She testified that, on the other occasion, the husband called her a "'bitch'" at the parties' daughter's house during the holidays. The husband admitted that he had been in the parking lot near the wife's church while driving the parties' daughter's automobile, that he had come onto the marital property by going to the next-door neighbor's house,[3] and that he had gone to the

---

[3]The Rule 10(d) statement describes that incident as the husband's "coming onto the marital property by being at the next-door neighbor's house."

daughter's house while the wife was present during the holidays. The wife requested that the PFA order remain in effect, but the trial court denied that request, stating that she was not in present danger.

According to the Rule 10(d) statement, the trial court limited the presentation of evidence to matters arising within the three years preceding the parties' separation. Neither the Rule 10(d) statement nor the record on appeal identifies the date of the parties' "separation" or explains what event the trial court used to mark the beginning of that three-year period. Because of that three-year limitation, the trial court excluded testimony regarding the Kyser Avenue property, despite the wife's argument that that evidence "demonstrated a long-standing pattern of financial conduct relevant to the marital history." The trial court also excluded evidence regarding the source of the $25,000 used to purchase the 4th Avenue SW property.

On May 13, 2025, the trial court entered a final judgment of divorce, which did not include findings of fact. The trial court awarded the wife the marital residence and the contents of that residence, but it ordered her to pay the husband $110,000 for his equity in the property within twelve months or, alternatively, to sell the property and divide the net

proceeds equally. The trial court awarded the husband the 4th Avenue SW property and the real property in Sumter County, which the judgment described as inherited property.[4] Additionally, it awarded each party the financial and retirement accounts in his or her respective name and the vehicles in his or her possession. Regarding periodic alimony, the trial court wrote:

> "The [w]ife shall pay or cause to be paid to the [h]usband as periodic alimony the sum of Eight Hundred and no/100 Dollars per month ($800.00) for the future support and maintenance of the [h]usband, said payments to begin the first day of the first month following the entry of this Order and shall continue each month to be paid on the first day of each month thereafter for life. Periodic alimony shall terminate upon the death or remarriage of the [h]usband or the death of the [w]ife or the occurrence of events consistent with the provisions of Section 30-2-55, Code of Alabama (1975), as amended."

The trial court stated that, contemporaneously with the entry of the divorce judgment, an order would be entered in the PFA action dismissing that action.

---

[4]The judgment states that the Sumter County property "was testified to as inherited property" and "was not used for the benefit of the marriage," but the Rule 10(d) statement does not mention that the property the husband owned with his sister was inherited or whether it had been used for the benefit of the marriage.

On June 24, 2025, the wife filed a timely notice of appeal in the divorce action, which, in pertinent part, provided:

> "COMES NOW the Plaintiff … and gives notice of appeal to the Alabama Court of Civil Appeals from the Final Judgment of Divorce entered on May 13, 2025, in Case No. DR-2023-900105.00.
>
> "This case was tried on April 11, 2025, and included testimony and argument related to a Protection from Abuse (PFA) matter originally docketed as Case No. DR-2024-900456. Although no written order formally consolidating the PFA case was entered, the two matters were jointly heard and resolved as part of a single trial. The Plaintiff reserves the right to address factual and procedural aspects of the PFA proceeding in the appellate briefing as they relate to the divorce judgment."

(Capitalization in original.) There is no indication that the wife filed a notice of appeal in the PFA action.

## Standard of Review

> "'Where no record is made of the evidence taken at a trial and the trial court approves a statement of the evidence pursuant to [Ala. R. App. P., R]ule 10(d), we must accept that statement of the evidence as being true. Mobley v. Turner, 346 So. 2d 427 (Ala. 1977). Where the evidence is heard by the trial court, it is presumed that the trial court's findings of fact are correct, and we can only reverse a trial court's judgment when it is palpably wrong, is not supported by the evidence, or is manifestly unjust. Cotton States Mutual Insurance Co. v. Conner, 387 So. 2d 125 (Ala. 1980); 2A Ala. Digest, Appeal & Error Key 1010(2).'"

Wood v. Gibson, 366 So. 3d 969, 974 (Ala. Civ. App. 2022) (quoting Abel v. Hadder, 404 So. 2d 64, 67 (Ala. Civ. App. 1981)). The presumption of correctness is "'[in]applica[ble] to a trial court's conclusion of law or its application of law to the facts.'" Perry v. Perry, [Ms. CL-2025-0409, Jan. 16, 2026] ___ So. 3d ___, ___ (Ala. Civ. App. 2026) (quoting Ex parte J.E., 1 So. 3d 1002, 1008 (Ala. 2008)). This court reviews questions of law de novo. Schlumpf v. D'Olive, 203 So. 3d 57, 60 (Ala. 2016).

<u>Analysis</u>

The wife first contends that, although Alabama law required the trial court to exercise its discretion in alimony and property matters, within equitable and statutory limits, the trial court nevertheless awarded the husband periodic alimony without making the express findings required by § 30-2-57, Ala. Code 1975, that it compounded that error by also awarding him a portion of the equity in the marital residence, and that the resulting alimony and property-division awards are contrary to equity and due to be reversed. We find the trial court's failure to make the express findings required by § 30-2-57 dispositive of the wife's challenge to both the periodic-alimony and the property-division awards.

Section 30-2-57, titled "Rehabilitative or periodic alimony," provides, in pertinent part:

"(a) Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:

"(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) The other party has the ability to supply those means without undue economic hardship.

"(3) The circumstances of the case make it equitable.

"(b) If a party has met the requirements of subsection (a), the court shall award alimony in the following priority:

"(1) Unless the court expressly finds that rehabilitative alimony is not feasible, the court shall award rehabilitative alimony to the party for a limited duration, not to exceed five years, absent extraordinary circumstances, of an amount to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) In cases in which the court expressly finds that rehabilitation is not feasible, a good-faith attempt at rehabilitation fails, or good-faith rehabilitation only enables the party to partially acquire the ability to preserve, to the extent

13

> possible, the economic status quo of the parties as it existed during the marriage, the court shall award the party periodic installments of alimony for a duration and an amount to allow the party to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage as provided in subsection (g)."

The judgment contains none of the findings required by § 30-2-57(a). Although the trial court ordered the wife to pay the husband $800 per month as periodic alimony, it did not expressly find that the husband lacked a sufficient separate estate, that the wife had the ability to pay that alimony without undue economic hardship, that the circumstances made such an award equitable, or that rehabilitative alimony was not feasible.

This court has consistently held that a trial court's failure to include the express findings required by § 30-2-57 when awarding alimony warrants a reversal of the alimony award and the remanding of the case for the entry of a new judgment in compliance with the statute. See Smith v. Smith, [Ms. CL-2025-0371, Feb. 20, 2026] ___ So. 3d ___, ___ (Ala. Civ. App. 2026); Perry, supra. In Smith and Perry, we explained that the award of alimony and the division of marital property are interrelated and that they must be considered together on appeal. Accordingly, we

14

reverse the judgment insofar as it awarded the husband periodic alimony and insofar as it divided the marital property, and we remand the case for the trial court to comply with § 30-2-57 and to reconsider its award of alimony and its division of the marital property.

The wife next contends that the trial court exceeded its discretion by imposing a categorical three-year temporal limitation on evidence bearing on the parties' marital history, financial conduct, and acquisition of property. She later renews that same contention more specifically by contending that the trial court erred by excluding testimony regarding the Kyser Avenue property because, she says, that testimony was relevant to show the parties' long-standing financial arrangements.

"[A] judgment cannot be reversed because evidence was improperly excluded unless 'the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.'" Cooper v. Cooper, 160 So. 3d 1232, 1240 (Ala. Civ. App. 2014) (quoting Rule 103(a)(2), Ala. R. Evid.). "'[A]n offer of proof is not necessary, in order to preserve an objection to a ruling of exclusion for review, where the offer of proof would be a useless gesture by virtue of the attitude of the trial court, or where the court has ruled broadly that

15

evidence of a particular class or type, or evidence in support of the theory or fact which the party is seeking to establish, is inadmissible.'" Killingsworth v. Killingsworth, 283 Ala. 345, 354, 217 So. 2d 57, 65-66 (1968) (quoting 4 C.J.S. Appeal and Error § 291).

The wife's Rule 10(d) statement reflects that the trial court excluded testimony regarding the Kyser Avenue property despite her argument that the evidence "demonstrated a long-standing pattern of financial conduct relevant to the marital history." The statement further reflects that the trial court excluded testimony regarding the source of the $25,000 used to purchase the 4th Avenue SW property and testimony regarding certain settlements as being outside the three-year window. Even assuming, for the sake of argument, that the "demonstrated" language sufficiently reflected the substance and purpose of the proposed testimony regarding the Kyser Avenue property, it does not establish that the wife preserved the broader issue that she now advances on appeal -- namely, that the trial court exceeded its discretion by imposing a categorical three-year limitation on evidence relating generally to the parties' marital history, financial conduct, and acquisition of property. Specifically, the statement does not show the circumstances of the trial

court's exclusion of the testimony, that the wife objected to the trial court's decision to exclude that evidence, or that the wife made an offer of proof that would have shown the substance of the testimony that the trial court excluded. Accordingly, this issue has been waived, and we cannot consider it on appeal.

Finally, the wife contends that the trial court erred by dismissing the PFA action despite evidence that, she says, established repeated violations of the existing PFA order. The wife did not, however, file a notice of appeal in the PFA action, and, indeed, the record on appeal contains none of the filings in that action, including the judgment dismissing that action that the divorce judgment referenced. And, beyond a statement in the Rule 10(d) statement of the evidence, see note 2, supra, the record on appeal does not indicate that the trial court ever consolidated those actions. Even if it had, the consolidation of two actions "'does not merge those actions into a single cause.'" Ex parte Glassmeyer, 204 So. 3d 906, 908 (Ala. Civ. App. 2016) (citation omitted). Although a trial court may direct that filings be made in one case, each consolidated action retains its separate identity and requires the entry of a separate judgment. Id. at 908-09.

17

Here, the final judgment in the divorce action indicates that the PFA order that the trial court entered in the PFA action was due to be dismissed, and it states that such an order would be entered in the PFA action. However, the wife did not file a notice of appeal in the PFA action, and no documents from the PFA action are included in the record on appeal, including the PFA order that the divorce judgment indicates will be dismissed or the judgment actually dismissing the PFA action (assuming the trial court entered such a judgment). In the absence of a notice of appeal from the judgment dismissing the PFA action, this court is not empowered to reverse that judgment. Casey v. Casey, 85 So. 3d 435, 440 (Ala. Civ. App. 2011).

## Conclusion

We affirm the trial court's judgment in all respects other than its award of alimony to the husband and its division of the marital property; as to those issues, we reverse the judgment and remand the cause to the trial court for the entry of a new judgment that complies with § 30-2-57 and for a reconsideration of division of the marital property.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

18

Moore, P.J., and Edwards, Hanson, and Bowden, JJ., concur.